UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WHITE OAK REALTY, L.L.C. and<br>CITRUS REALTY, LLC<br><br>versus<br><br>FORTRESS GROUP, USA, LLC<br>and FORTRESS CLAY, LLC | *<br>*<br>*<br>*<br>*<br>*<br>*<br>* | CIVIL ACTION<br><br>SECTION _____<br><br>JUDGE _____<br><br>MAGISTRATE JUDGE<br>_____ |

* * * * * * * * * * * * * * * * * *

**THE APPLICATION OF WHITE OAK REALTY, L.L.C. AND CITRUS REALTY, LLC FOR THE COURT TO CONFIRM THE AWARD OF THE PANEL OF ARBITRATORS**

White Oak Realty, L.L.C. ("White Oak") and Citrus Realty, LLC ("Citrus"), pursuant to 9 U.S.C. § 9, apply to the Court for an Order confirming an arbitration award in their favor and against Fortress Group USA, LLC ("Fortress Group") and Fortress Clay, LLC ("Fortress Clay Mississippi").

1.

Citrus is a limited liability company organized and existing under the laws of Louisiana.

2.

H. Hunter White, III, a citizen of Texas, is the sole member of Citrus.

3.

White Oak is a limited liability company organized and existing under the laws of Louisiana.

4.

Thomas A. Carrere, PMC Realty LLC ("PMC") and Cat Flea, LLC ("Cat Flea") are the members of White Oak.

PD.18467276.1

5.

Mr. Carrere is a citizen of Louisiana.

6.

Mr. Carrere is the sole member of PMC.

7.

Cat Flea is a limited liability company organized and existing under the laws of Louisiana.

8.

The LaCroix, LLC ("LaCroix"), a limited liability company organized and existing under the laws of Delaware, is the sole member of Cat Flea.

9.

Kathleen White and the 1994 White Family *inter vivos* Class Trust are the members of LaCroix.

10.

Kathleen White is a citizen of Texas.

11.

Kevin Beresford White, Jane Yvonne White and Shaun Forrest White are the trustees of the 1994 White Family *inter vivos* Class Trust.

12.

Trustee Kevin Beresford White is a citizen of Texas.

13.

Trustee Jane Yvonne White is a citizen of Texas.

14.

Trustee Shaun Forrest White is a citizen of New York.

PD.18467276.1

15.

Fortress Group is a limited liability company organized under the laws of Mississippi.

16.

Laird Robertson, Bennett Joshua Davlin and Robert Najor are the members of Fortress Group.

17.

Fortress Clay Mississippi is a limited liability company organized under the laws of Mississippi.

18.

Messrs. Robertson, Davlin and Najor are the members of Fortress Clay Mississippi.

19.

Mr. Robertson is a citizen of California.

20.

Mr. Davlin is a citizen of California.

21.

Mr. Najor is a citizen of Alabama.

22.

The law deems Citrus to be a citizen of Texas, the state of the citizenship of its sole member, Mr. White.

23.

The law deems White Oak to be a citizen of each of the following states: (i) Louisiana, the state of the citizenship of its members Mr. Carrere and PMC; (ii) Texas, the state of the citizenship of its member Cat Flea (through Cat Flea's member LaCroix and LaCroix's members Kevin Beresford White and Jane Yvonne White, trustees of the 1994 White Family *inter vivos*

Class Trust, and Kathleen White); and (iii) New York, the state of the citizenship of member Cat Flea (through Cat Flea's member LaCroix and LaCroix's member Shaun Forrest White, a trustee of the 1994 White Family *inter vivos* Class Trust).

24.

The law deems Fortress Group to be a citizen of California, the state of the citizenship of Messrs. Robertson and Davlin, and Alabama, the state of the citizenship of Mr. Najor.

25.

The law deems Fortress Clay Mississippi to be a citizen of California, the state of the citizenship of Messrs. Robertson and Davlin, and Alabama, the state of the citizenship of Mr. Najor.

26.

The parties are fully diverse in citizenship. The plaintiffs are citizens of Louisiana, Texas and New York and the defendants are citizens of California and Alabama.

27.

The matter in controversy exceeds $75,000, exclusive of interest and costs.

28.

Under 28 U.S.C. § 1332(a), the Court has subject matter jurisdiction of this action.

29.

The Court has personal jurisdiction over the parties. The arbitration took place at New Orleans, Louisiana, located in the Eastern District of Louisiana. *See* 9 U.S.C. § 9. All work under the germane agreements occurred in the Parish of Plaquemines, Louisiana, located in the Eastern District of Louisiana.

30.

This is a Court of proper venue under 28 U.S.C. § 1391(b) and 9 U.S.C. § 9. The arbitration took place at New Orleans, Louisiana, located in the Eastern District of Louisiana.

31.

On January 13, 2014, White Oak and Fortress Clay Mississippi executed an "Amended and Restated Sale of Property and Grant of Servitudes" (the "Amended White Oak Sale"). White Oak and Citrus attach as Exhibit "A" a copy of the Amended White Oak Sale.

32.

On January 13, 2014, Citrus and Fortress Clay Mississippi executed an "Amended and Restated Sale of Property and Grant of Servitudes" (the "Amended Citrus Sale"). White Oak and Citrus attach as Exhibit "B" a copy of the Amended Citrus Sale.

33.

The Amended White Oak Sale and the Amended Citrus Sale each contain the following concerning arbitration (the "Arbitration Clause"):

> All claims, disputes, and controversies of any nature relating to this Agreement shall be settled by binding arbitration in New Orleans, Louisiana. Unless the parties agree otherwise, the arbitration shall occur in accordance with rules of the American Arbitration Association ("AAA"), and the arbitrator shall be selected by the rules of the AAA. If for any reason, an arbitrator cannot be selected in this manner or the parties cannot otherwise agree on a single arbitrator, each party shall select one arbitrator, whose sole functions shall be to select in turn a third arbitrator who shall be the single arbitrator for the dispute. Each party shall pay one-half (1/2) of the cost of the arbitrator, and each member shall otherwise bear its own expenses for the arbitration. The arbitrators shall have authority to award costs and expenses of the proceeding to one of the parties if it determines that applicable claims or defenses of the other party were frivolous or intended primarily to delay the outcome. **The award rendered by arbitration shall be final and binding upon the parties, and be enforced in any court with jurisdiction.**

Exhibits "A" and "B" at ¶ 17 (emphasis added).

34.

Pursuant to the Arbitration Clauses in the Amended White Oak Sale and the Amended Citrus Sale, on November 20, 2014, White Oak and Citrus filed a demand for arbitration and a statement of claim. White Oak and Citrus attach *in globo* as Exhibit "C" a copy of each of the demand for arbitration and the statement of claim.

35.

White Oak and Citrus named "Fortress Capital Partners, L.L.C. formerly Fortress Clay, LLC" as the respondent in the demand for arbitration and statement of claim because a limited liability company named Fortress Clay, LLC executed the Amended White Oak Sale and the Amended Citrus Amended Sale, and the records of the Secretary of State showed that a Louisiana limited liability company named Fortress Clay, LLC ("Fortress Clay Louisiana") changed its name to Fortress Capital Partners, LLC. Messrs. Robertson and Davlin are officers and members of Fortress Clay Louisiana. White Oak and Citrus attach as Exhibit "D" a copy of the records of the Secretary of State concerning Fortress Clay Louisiana.

36.

On December 18, 2014, Fortress Capital Partners, LLC filed defenses, answer and counterclaims to White Oak's and Citrus' statement of claim and asserted that White Oak and Citrus incorrectly named Fortress Capital Partners, LLC, *i.e.*, the former Fortress Clay *Louisiana*, as the respondent and that Fortress Group and Fortress Clay, LLC (Fortress Clay *Mississippi*) were the proper respondents. White Oak and Citrus attach as Exhibit "E" a copy of Fortress Group's and Fortress Clay Mississippi's answer and counterclaims.

37.

Fortress Group's and Fortress Clay Mississippi's counsel signed the defenses, answer and counterclaims as "Counsel for Respondent: Fortress Capital Partners, L.L.C. which should be named as Fortress Group USA, LLC and Fortress Clay, LLC [Fortress Clay Mississippi]"

38.

White Oak and Citrus, on February 26, 2015, filed an amended statement of claim. White Oak and Citrus attach as Exhibit "F" a copy of their amended statement of claim.

39.

The Panel of Arbitrators conducted evidentiary hearings on September 14, 15, 16, and 23 and October 7, 2015.

40.

Fortress Group and Fortress Clay Mississippi participated fully in the arbitration hearing. Messrs. Robertson and Najor attended each evidentiary session of the Panel of Arbitrators. Messrs. Robertson and Najor testified for Fortress Clay Mississippi and Fortress Group.

41.

On October 23, 2015 White Oak and Citrus filed a post-hearing brief. White Oak and Citrus attach as Exhibit "G" a copy of their post-hearing brief.

42.

On November 23, 2015, the Panel of Arbitrators issued its Award. White Oak and Citrus attach as Exhibit "H" a copy of the Award.

43.

The Award states, in pertinent part, as follows:

> The panel finds the Amended Sales Agreements are terminated. While the panel finds the permits and fence arguments did not justify termination, Fortress' departure from the premises (at the

PD.18467276.1

demand of White Oak)[1] terminated the Agreement, effective November 1, 2014.

All claims Fortress may have against Fisher Sand and Gravel Co. are hereby assigned to White Oak and Citrus.

All other claims are denied. Each party is to bear its own arbitration expenses.

[1] Fortress could have, but failed to contest the demand.

44.

On December 13, 2015, Fortress Group filed a motion for the Panel to reconsider the Award.

45.

On January 6, 2016, the Panel denied Fortress Group's motion for the panel to reconsider the Award.

46.

Under 9 U.S.C. § 9, White Oak and Citrus seek and are entitled to an Order from the Court that confirms the Award.

WHEREFORE, White Oak and Citrus pray that the Court view their application as good and sufficient and that the Court enter an Order that confirms the Award of the Panel of Arbitrators, dated November 23, 2015.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:    */s/ Bruce V. Schewe*
         Bruce V. Schewe (Bar #11771)
         Dan Zimmerman (Bar #2202)
         365 Canal Street, Suite 2000
         New Orleans, Louisiana 70130-6534
         Telephone: 504-566-1311
         Facsimile: 504-568-9130
         Email: scheweb@phelps.com
                   zimmermd@phelps.com

**ATTORNEYS FOR
WHITE OAK REALTY, L.L.C.
and CITRUS REALTY, LLC**

## CERTIFICATE OF SERVICE

I certify that on March 15, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF filing system and served a copy on the following by first class mail, postage prepaid:

| | |
|---|---|
| Fortress Group USA, LLC, through its registered agent, Michael F. Cavanaugh 998 Howard Ave. P.O. Drawer 1911 Biloxi, MS 39533 | Fortress Clay, LLC, through its registered agent, Michael F. Cavanaugh 998 Howard Ave. P.O. Drawer 1911 Biloxi, MS 39533 |

/s/Dan Zimmerman

PD.18467276.1