## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**WHITE OAK REALTY, LLC ET AL.**                                     **CIVIL ACTION**

**VERSUS**                                                                     **No. 16-2235**

**FORTRESS GROUP, USA, LLC ET AL.**                                 **SECTION I**

## ORDER AND REASONS

Before the Court is a motion[1] for default judgment filed by plaintiffs, White Oak Realty, LLC and Citrus Realty, LLC (collectively, "White Oak and Citrus"). For the following reasons, the motion is **GRANTED**.

## BACKGROUND

According to the facts alleged in the complaint, which are deemed admitted,[2] White Oak and Citrus commenced an arbitration proceeding against defendants, Fortress Group, USA, LLC and Fortress Clay, LLC (collectively, "the Fortress defendants"), in November 2014.[3] The basis for the arbitration was an "Arbitration Clause" contained in a real estate contract to which all participants in this lawsuit were parties.[4] The Fortress defendants appeared in the arbitration proceedings and filed an answer and counterclaims against White Oak and Citrus.[5] The arbitration panel conducted evidentiary hearings and issued an award in favor of White Oak and Citrus on

---

[1] R. Doc. No. 12.
[2] *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . . A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true.").
[3] R. Doc. No. 1, at 6, ¶ 34.
[4] R. Doc. No. 1, at 5, ¶ 33.
[5] R. Doc. No. 1, at 6, ¶ 36.

November 23, 2015.[6] The Fortress defendants filed a motion to reconsider the award, but the arbitration panel denied it on January 6, 2016.[7]

On March 15, 2016—within one year of the arbitration panel's issuance of the award—White Oak and Citrus initiated the above-captioned action. They ask that this Court enter an order confirming the arbitration award pursuant to 9 U.S.C. § 9.[8]

## LAW AND ANALYSIS

The U.S. Court of Appeals for the Fifth Circuit has explained that "[g]enerally, a defendant's failure to appear is grounds for a default judgment." *Trang v. Bean*, 600 F. App'x 191, 193 (5th Cir. 2015) (citing Fed. R. Civ. P. 55(a)). "But a plaintiff is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id.* at 193–94 (internal quotations and citation omitted). "Instead, '[t]here must be a sufficient basis in the pleadings for the judgment entered.'" *Id.* at 194 (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975)). "Thus, [the defendant's] failure to appear should have resulted in a default judgment against [the defendant] only if [the plaintiff's] factual allegations, taken as true, state a claim against [the defendant]." *Id.* (citation omitted).

Despite being served,[9] the Fortress defendants failed to answer plaintiffs' complaint, and the Clerk of Court entered a default against them on May 4, 2016.[10] *See* Fed. R. Civ. P. 55(a). White Oak and Citrus moved for a default judgment on May 5, 2016,[11] and defendants have not filed any response. Although Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that

---

[6] R. Doc. No. 1, at 7, ¶ 42; R. Doc. No. 1-2, at 47-48.
[7] R. Doc. No. 1, at 8, ¶¶ 44-45.
[8] R. Doc. No. 1, at 8, ¶ 46.
[9] R. Doc. No. 7.
[10] R. Doc. No. 11.
[11] R. Doc. No. 12.

the Court may hold an evidentiary hearing on this motion, plaintiffs do not request a hearing and no hearing is necessary.

The Federal Arbitration Act ("FAA") provides United States district courts with jurisdiction to confirm arbitration awards if any party to the arbitration applies for an order to confirm. 9 U.S.C. § 9.[12]  By its language, the statute appears to apply only when parties to an arbitration agreement "have agreed that a judgment of the court shall be entered."  However, the Fifth Circuit has held that when parties agree to submit to the rules of the American Arbitration Association ("AAA"), they consent to a federal court's jurisdiction to enforce the arbitration award. *McKee v. Home Buyers Warranty Corp.*, 45 F.3d 981, 983 (5th Cir. 1995) ("Consequently, all parties are on notice that resort to AAA arbitration will be deemed both binding and subject to the entry of judgment unless the parties expressly agree otherwise.")

The real estate sales contract at issue here requires that the parties settle all disputes arising out of the contract by arbitration "in accordance with rules of the American Arbitration Association" unless the parties agree otherwise.[13]  It further provides that "[t]he award rendered by arbitration shall be final and binding upon the parties, and be enforced in any court with

---

[12] The statute states, in relevant part:

> If the parties in their [arbitration] agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.  If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9.
[13] R. Doc. No. 1-1, at 36-37.

jurisdiction."[14]  This Court has jurisdiction over this matter because there is complete diversity among the parties and because the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).

"[T]he district court's review of an arbitration award is extraordinarily narrow." *Prestige Ford v. Ford Dealer Computer Servs., Inc.*, 324 F.3d 391, 393 (5th Cir. 2000) (quoting *Gateway Technologies Inc. v. MCI Telecommuns. Corp.*, 64 F.3d 993, 996 (5th Cir. 1995)); *Antwine v. Prudential Bache Secs., Inc.*, 899 F.2d 410, 413 (5th Cir. 1990) ("[T]his Court should defer to the arbitrator's decision when possible.").  The district court may modify, vacate, or correct the arbitration award on a party's motion served within three months of the filing or delivery of an arbitration award.  9 U.S.C. § 12.[15]  But the Fortress defendants have neither opposed this motion nor timely moved to vacate, modify, or correct the award.  In similar circumstances as those before the Court and without any opposition by the defendants, this Court has held that affirmance of the arbitration panel's award is appropriate.  *EMO Energy Sols., LLC v. Acre Consultants, LLC*, No. 08-4365, 2008 WL 5110585, at *1 (E.D. La. Nov. 25, 2008) (Africk, J.).

Accordingly, accepting as true the allegations of fact in the complaint, the Court finds that White Oak and Citrus have sufficiently established that they are entitled to a court order enforcing the arbitration award.

---

[14] R. Doc. No. 1-1, at 37.

[15] The FAA sets forth the only grounds on which an arbitration award may be vacated. *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 585–86 (2008).  Under the FAA, the district court may vacate the award (1) if the award was procured by corruption, fraud, or undue means (2) based upon evidence of partiality or corruption of the arbitrators, (3) if the arbitrators were guilty of misconduct that prejudiced the rights of a party, and (4) if the arbitrators exceeded their powers. 9 U.S.C. § 10(a).

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion for a default judgment is **GRANTED**. The Court will enter a judgment confirming the arbitration award and adopting it as a judgment of this Court.

New Orleans, Louisiana, June 7, 2016.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

5